**UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA**

Edilberto SUAREZ VERGARA,                    Civil Action No. 3:26-cv-00344
*Petitioner*,

v.

KEVIN JORDAN, in his official capacity as
LaSalle Corrections Facility Administrator,
Louisiana ICE Processing Center;
CHRISTOPHER BULLOCK, in his official
capacity as Acting Field Office Director, New
Orleans Field Office, U.S. Immigration &
Customs Enforcement; TODD LYONS, in his
official capacity as Director of U.S. Immigration
& Customs Enforcement; MARKWAYNE
MULLIN, in his official capacity as Secretary,
U.S. Department of Homeland Security;
*Respondents*.

**ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order.[1]

Counsel for the respondent received notice. The court held a telephone status

conference on April 2, 2026. The following appeared:

Rebecca Hufstader, counsel for the petitioner,

Bridget Pranzatelli, counsel for the petitioner, and

Davis Rhorer, counsel for the respondents.

The allegations in the Motion for Temporary Restraining Order and the Petition

for Habeas Corpus were discussed. The court hereby grants the Temporary Restraining

Order for the following reasons.

When the petition for habeas relief was filed,[2] petitioner was detained at Camp

57, Angola, Louisiana which is within the Middle District of Louisiana. Accordingly, the

---

[1] Rec. Doc. 7

court has habeas jurisdiction. The court finds that the petitioner is substantially likely to prevail on the merits. The verified petition alleges that the petitioner is a citizen of Cuba. He has been under an ICE order of supervision (OSUP) since 2006. Immigration and Customs Enforcement (ICE) is obliged to inform noncitizens of the reason for revocation of their immigration supervision and afford an initial informal interview promptly after re-detention.[3] Mr. Vergara alleges that he received neither formal notice nor informal interview.[4] Petitioner has been detained in ICE custody since July 2025. Petitioner alleges that Cuba does not regularly accept deportees from the United States, or any other country. Petitioner was transferred to Arizona almost immediately after filing his habeas petition in this Court, and informed that he is to be deported to Mexico.[5] Petitioner has no family or social contacts in Mexico. The petitioner is diagnosed with, and under treatment for, schizophrenia and bipolar disorder.

The Court finds that Petitioner is substantially likely to prevail on his claim that his has been deprived of meaningful notice and opportunity to be heard before being deported to a third-party country.[6]

Considering the petitioner's serious medical conditions and his utter unfamiliarity with the country to which he is deported, the petitioner has demonstrated a substantial threat of irreparable injury.

---

[2] Rec. Doc. 1
[3] 8 C.F.R. § 241.4(l)(1) and § 241.13(i)(3); 8 C.F.R. § 241.4(l)(1) and § 241.13(i)(3)
[4] Rec. Doc. 1
[5] Rec. Doc. 7-1
[6] Petitioner filed a petition for writ of habeas corpus on March 31st 2026. Later that same day he was transferred to Texas and then to Arizona where he awaits imminent removal to a third-party country. *A.A.R.P. v. Trump*, 605 U.S. 91, 93-95 (2025); *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 25-10676, 2026 WL 521557, at *44 (D. Mass. Feb. 25, 2026), stay granted, *D.V.D. U.S. Dep't of Homeland Sec.*, No. 26-1212 (1st Cir. 2026); *J.A.V. v. Trump*, 781 F. Supp.3d 535, 554 (S.D. Tex. 2025); *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1004 (W.D. Wash. 2019).

The Court finds that the balance of equities and public interest favors petitioner. The petitioner has been in this Country and compliant with ICE supervision for nearly 20 years. A short delay in deportation while this case is fully litigated will not harm respondents. The Court was prepared to set this matter for an evidentiary hearing within 14 days, Respondent requested more time, indicating that a short delay is certainly tolerable.

For the foregoing reasons:

IT IS ORDERED that the Temporary Restraining Order be and is hereby GRANTED; Respondents shall not remove Edilberto Saurez Vergara from the United States until further order of this Court.

Signed in Baton Rouge, Louisiana, on April 2, 2026, at 6:00 p.m.

_____
**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**